UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

BLAKE FRANCIS,

                Defendant.

_____

**DECISION & ORDER** and
**REPORT & RECOMMENDATION**

08-CR-6098L

**PRELIMINARY STATEMENT**

By Order of David G. Larimer, United States District Judge, dated August 20, 2008, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 26).

Defendant Blake Francis ("Francis") has been charged in a four-count indictment. The first count charges that between January 2006 and October 10, 2007, Francis conspired to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. The second count charges that during the same period of time, Francis unlawfully possessed firearms in furtherance of the drug trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1). The third and fourth counts of the indictment contain forfeiture allegations under 21 U.S.C. §§ 853(a)(1) and 853(a)(2) (the third count), and 18 U.S.C. §§ 924(d) and 3665 and 28 U.S.C. § 2461(c) (the fourth count). (Docket # 1).

Currently pending before this Court for Decision and Order is Francis's motion to strike language from the indictment. Also before the Court for Report and Recommendation is Francis's motion to dismiss Count One of the indictment based upon the alleged insufficiency of the evidence. (Docket # 23).

## DECISION & ORDER

Francis moves to strike from the indictment language "which suggests that [he] was involved in the dissemination of marijuana." According to Francis, the inclusion of such language will be unduly prejudicial because "there is no such proof that [he] had any discretion over, much less participated in, such conduct." (Docket # 23).

A court has discretion under Rule 7(d) of the Federal Rules of Criminal Procedure to delete extraneous matter, or "surplusage," from an indictment or information. However, as articulated by the Second Circuit:

> Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial. If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.

*United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (internal quotations omitted).

Although Francis's motion does not identify the specific language in the indictment that he finds objectionable, reading the indictment as a whole, I find the language of the indictment to be relevant to the crimes charged. Indeed, the charges in the indictment track the language of the statutes charged, making it difficult to identify the particular language that Francis finds unduly prejudicial. Francis's motion to strike surplusage is therefore denied

without prejudice to renewal should the language objected to "not be the subject of proof or a reasonable inference from a subject of proof." *United States v. Rahman*, 1994 WL 388927, *6 (S.D.N.Y. 1994).

## REPORT & RECOMMENDATION

Francis also moves to dismiss Count One of the indictment on the grounds that the grand jury lacked sufficient evidence to indict him for conspiring to distribute marijuana. (Docket # 23). Count One alleges, in its entirety:

> Between in or about January 2006, the exact date being unknown, and on or about October 10, 2007, in the Western District of New York, and elsewhere, the defendant, BLAKE FRANCIS, did knowingly, willfully and unlawfully combine, conspire and agree with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, 1000 kilograms or more of a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).
>
> All in violation of Title 21, United States Code, Section 846.

(Docket # 1).

It is well-established that an indictment that is valid on its face, as is the case here, cannot be dismissed on the grounds that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990). Instead, the time to advance such a motion is after the government has presented its

case at trial. *See*, *e.g.*, *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992); Fed. R. Crim. P. 29(a).

Applying the above-cited authority, I find that Francis's motion to dismiss is premature and should be made following the government's presentation of proof at trial. It is therefore my recommendation that Francis's motion to dismiss on the grounds of evidentiary insufficiency be denied at this time.

## CONCLUSION

For the foregoing reasons, Francis's motion to strike surplusage from the indictment **(Docket # 23)** is **DENIED**. It is also my recommendation that Francis's motion to dismiss Count One of the indictment based upon insufficiency of the evidence **(Docket # 23)** be **DENIED**.

          *s/Marian W. Payson*
          MARIAN W. PAYSON
          United States Magistrate Judge

Dated: Rochester, New York
       August  21 , 2008

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
        August   21  , 2008

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).